UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GARY BRACK, | ) | CASE NO. 1:19-cv-1436 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| ARMOND BUDISH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KEN MILLS' MOTION TO STAY CIVIL PROCEEDINGS PENDING DISPOSITION OF A CRIMINAL CASE**

Defendant Ken Mills respectfully moves this Court for an order to stay all proceedings in the instant civil case pending the disposition of a pending criminal case against Mr. Mills involving facts in common with this civil case (the "Criminal Matter"). *See State of Ohio v. Kenneth V. Mills*, Cuyahoga County Common Pleas Court Case Number CR-19-636461-B. The grounds for this Motion are set forth more fully in the attached Memorandum in Support.

Respectfully submitted,

/s/ R. Todd Hunt
R. Todd Hunt (Reg. No. 0008951)
   Email: rthunt@walterhav.com
   Direct Dial: 216-928-2935
Benjamin G. Chojnacki (Reg. No. 0087401)
   Email: bchojnacki@walterhav.com
   Direct Dial: 216-619-7850

WALTER | HAVERFIELD LLP
1301 East Ninth Street, Suite 3500
Cleveland, Ohio 44114

Attorneys for Defendant Ken Mills

{02912076 - 1}

<u>**MEMORANDUM IN SUPPORT**</u>

I.      **STATEMENT OF FACTS.**

    A.      **Background information regarding Mills' employment with the Cuyahoga County Sheriff's Department and the pending Criminal Matter.**

On March 2, 2014, Defendant Ken Mills ("Mr. Mills") was appointed to serve the Cuyahoga County Sheriff's Department as the Regional Director of Corrections. Mr. Mills served in that capacity until he voluntarily resigned from the position on November 13, 2018.

Approximately two months after Mr. Mills' voluntary resignation, on January 18, 2019, the Cuyahoga County Grand Jury returned a vague and uninformative indictment against Mr. Mills. A copy of the indictment is attached as Exhibit A. *See also State of Ohio v. Kenneth V. Mills*, Cuyahoga County Common Pleas Court Case Number CR-19-636461-B (the "Criminal Matter").  The threadbare indictment contains little to no information pertaining to the location or time where and when Mr. Mills allegedly committed the criminal offenses identified in the indictment, no information pertaining to the alleged overt acts which are attributed to Mr. Mills in the commission of the alleged criminal offenses, and no information pertaining to the overt acts alleged to have been committed by Mr. Mills that support the allegations in the indictment. A Motion for Bill of Particulars was filed on January 25, 2019. No Bill of Particulars has been filed with the Court. Nevertheless, the allegations of Plaintiff in this federal case specify events involving Mr. Mills on the same date as crimes are alleged to have been committed by Mr. Mills in the indictment – i.e., May 22, 2018.

The vague and uninformative indictment reflects that Mr. Mills is under indictment for eight (8) alleged crimes – tampering with records, telecommunications fraud, falsification (four counts), and obstruction of official business (two counts). According to the indictment, on or

about May 22, 2018, Mr. Mills allegedly committed the following crimes: tampering with records (one count), telecommunications fraud (one count), and falsification (two counts).  The indictment also alleges that, on or about July 2, 2018, Mr. Mills committed the following crimes: obstruction of official business (two counts) and falsification (two counts).  Mr. Mills is presumed innocent on all eight counts in the indictment.

Mr. Mills has not been convicted of any crime, and the Criminal Matter is currently pending. Significantly, the Cuyahoga County Prosecutor, who is also representing Defendant Cuyahoga County in this federal case, was initially prosecuting the Criminal Matter. However, in February of 2019, Ohio Attorney General Dave Yost was appointed as Special Prosecutor for the Criminal Matter. Two Assistant Cuyahoga County Prosecutors from the Cuyahoga County Prosecutor's Office and an Investigator from the Cuyahoga County Prosecutor's Office, however, continue to work under the direction and control of the Special Prosecutor in his prosecution of the Criminal Matter. A copy of the entry appointing Ohio Attorney General David Yost as Special Prosecutor to the Criminal Matter, and allowing two Assistant Cuyahoga County Prosecutors and an Investigator from the Cuyahoga County Prosecutor's Office to continue to assist in the prosecution of the Criminal Matter under the direction and control of the Special Prosecutor is attached as Exhibit B. No trial date has been set in the Criminal Matter.

**B.      Plaintiff's Complaint involves many of the same issues as the Criminal Matter.**

On May 21, 2019, Plaintiff Gary Brack ("Plaintiff") filed the instant civil complaint against Mr. Mills, Armond Budish ("Budish"), Cuyahoga County ("County"), Akram Boutros ("Boutros"), and Jane Platten ("Platten") (collectively "Defendants").

Plaintiff's thirteen (13) claim complaint includes five (5) constitutional claims brought through 42 U.S.C. §1983  alleging Plaintiff's civil rights and First Amendment rights were

violated by various defendants before, during, and after a May 22, 2018 meeting of the Cuyahoga County Council (the "Public Meeting") where Mr. Mills, Platten, and Plaintiff each provided Cuyahoga County Council with information relating to the operations and conditions of the Cuyahoga County Corrections Center ("CCCC").[1]

In addition to Plaintiff's constitutional claims, Plaintiff is also bringing six (6) state law claims against various defendants under the legal theory that Mr. Mills and other defendants have committed crimes which entitle Plaintiff to relief under Ohio R.C. § 2307.60. *See* Complaint, Claims 6, 7, 8, 9, 10, and 11.  According to Plaintiff, R.C. § 2307.60 creates a private cause of action for persons injured by a "criminal act" to recover damages in a civil case.

Although no defendant has been convicted of any crime, and Mr. Mills is the only defendant under criminal indictment at this time, Plaintiff's state law claims to recover damages under R.C. § 2307.60 are premised upon the following alleged criminal acts of Mr. Mills and other defendants:

- Plaintiff alleges that Mills, Budish, Boutros, and Platten committed criminal acts by depriving Plaintiff of his "constitutional and statutory rights." Compl. ¶¶ 109, 111.

- Plaintiff alleges that Mills, Budish, Boutros, and Platten committed criminal acts because they "were engaged in complicity to interfere with [Plaintiff]'s civil and statutory rights." Compl, ¶¶115, 119.

- Plaintiff alleges that Mills and Budish committed criminal acts because they "intentionally interfered with [Plaintiff]'s discharge of his duties as interim director of ambulatory care, including by intentionally understaffing corrections officers, interfering with nurse hiring, and demand (and in Mills's case causing Budish to demand) that MetroHealth remove [Plaintiff] from those responsibilities for criticizing Defendant Mills." Compl.¶ 124.

---

[1]  While it is not clear from the indictment in the Criminal Matter, it is believed that Mr. Mills' alleged criminal acts from May 22, 2018 occurred before, during, or after the Public Meeting, and the remaining criminal acts contained in the indictment somehow relate to the operations, conditions, and/or staffing of the CCCC. These are the central issues in this federal case. Mr. Mills cannot defend himself in this case without compromising his Fifth Amendment rights.

- Plaintiff alleges that Mills, Budish, Boutros, and Platten committed criminal acts because they were "engaged in complicity to obstruct official business." Compl., ¶ 131.

- Plaintiff alleges that all Defendants committed criminal acts because they "retaliated against [Plaintiff] for discharging his duties." Compl., ¶137.

- Plaintiff alleges that all Defendants committed criminal acts because they "engaged in complicity to retaliate because a public servant was discharging his duties." Compl., ¶ 145.

- Plaintiff alleges that Mills "perjured himself" at the Public Meeting when he "denied any involvement in medical-care issues and his obstruction of MetroHealth's nurse-hiring process…" Compl., ¶ 5.

It appears that none of the Defendants have been indicted for any of the crimes identified by Plaintiff, although it is not certain this would not include Mr. Mills due to the vague indictments. It is unknown whether Mr. Mills, Budish, Boutros, or Platten, (and even alleged by Plaintiff, MetroHealth, or Cuyahoga County) will face prosecution in the future for these alleged criminal acts.

Plaintiff also seeks a declaration from this Court that all of the Defendants have committed crimes. *See* Compl., Prayer for Relief, ¶ A (asking this Court to "Declare that Defendants' acts and conduct constitute violations of federal and *state* [R.C. 2307.60] law and the United States Constitution."). (Emphasis added.)  Litigation seeking relief of this nature necessarily implicates the Fifth Amendment privilege against self-incrimination of all Defendants and will render discovery in this case difficult to obtain.

Although Mr. Mills may not have been indicted at this time for any of the crimes that Plaintiff specifically alleges to have occurred in this case, the Criminal Matter overlaps directly with Mr. Mills' alleged conduct underlying the instant case. Specifically, both the Criminal Matter and this case involve:  Mr. Mills' conduct before, during, and after the Public Meeting; Mr. Mills' role in the operations, conditions, and staffing at CCCC; the other Defendants'

conduct before, during, and after the Public Meeting and the other Defendants' roles in operations, conditions, and staffing at CCCC; and Plaintiff's conduct before, during, and after the Public Meeting, as well as operations, conditions, and staffing, at CCCC.

Because it is clear the facts of the instant case directly overlap with the Criminal Matter and Mr. Mills is currently under indictment in the Criminal Matter, litigating this case without a stay imposes a heavy burden on Mr. Mills and all Defendants, and the interests of the courts and the public favor a stay.  Conversely, when weighing the burdens on the parties hereto, Plaintiff will not be materially prejudiced by staying this case pending resolution of the Criminal Matter. Consequently, this Court should issue an Order staying the instant case until the Criminal Matter is completed.

## II.    LAW AND ANALYSIS

### A.    It is well established that a District Court has the authority to stay civil proceedings pending a criminal proceeding.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393 (6th Cir. 1977) (citation and internal quotation marks omitted).  *See also Clinton v. Jones,* 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). District courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Chao v. Fleming,* 498 F.Supp.2d 1034, 1037 (W.D.Mich.2007).

Thus, where, as here, "a party to a civil action is subject to criminal proceedings and/or investigations that relate to such civil action, courts will often stay the civil proceeding so as to

prevent the use of civil discovery and evidentiary procedures to obtain evidence for use in the criminal matter" and "to preserve a defendant's Fifth Amendment privilege rights." *Coley v. Lucas Cty., Ohio*, 2011 WL 5838190, at *2 (N.D. Ohio 2011); *McCullaugh v. Krendick*, 2009 WL 2929306, at *1 (N.D. Ohio Sept. 9, 2009) (citations omitted).

One of the most important reasons for granting a stay of civil proceedings is to protect the constitutional rights and privileges of defendants who are faced with criminal liability for the same or related conduct that is the subject of the civil proceeding. As one district court explained:

> The fifth amendment privilege not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.

*Kammer v. Cincinnati Ins. Co.*, 2010 WL 2474329, at *2 (E.D. Mich. June 11, 2010) (citing *In re Morganroth,* 718 F.2d 161, 164-65 (6th Cir. 1983)). Thus, where, as here, the Fifth Amendment is implicated because of a pending criminal prosecution, the United States Supreme Court has held that "an appropriate remedy may be to 'postpon[e] civil discovery until termination of the criminal action.'" *Id.* (citing *United States v. Kordel*, 397 U.S. 1, 9 (1970)).

Indeed, a stay of the civil proceedings "is desirable not only for fifth amendment reasons," but also because it protects "the integrity of two separate processes." *Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1204 (Fed. Cir. 1987). As the *Afro-Lecon* Court explained "…deferrable civil proceedings constitute improper interference with the criminal proceedings if they churn over the same evidentiary material." *Id.* (citing *Penden v. United States*, 512 F.2d 1099, 1103 (Ct. Cl. 1975)).

Here, it is undisputed that the Criminal Matter is pending against Mr. Mills and involves the same issues and potential facts as the instant matter – the conduct of Mr. Mills and other Defendants before, during, and after the Public Meeting, and the operations, conductions, and staffing of CCCC. If civil discovery in this case were to proceed simultaneously at the same time as the Criminal Matter, it would unduly interfere with the integrity of the Criminal Matter.

This fact is especially true here because the government is not permitted to compel testimony from a criminal defendant or to conduct discovery in a criminal case. Yet, because the same events in question will be the subject of extensive discovery in this civil action, the Ohio Attorney General, assisted by two Assistant Cuyahoga County Prosecutors and an Investigator from the Cuyahoga County Prosecutor's Office, may be able to obtain relevant information in this civil proceeding that can be used in the Criminal Matter. *Afro-Lecon*, 820 F.2d at 1203 ("The broad scope of civil discovery may present to both the prosecution, at times the criminal defendant, an irresistible temptation to use that discovery to one's advantage in the criminal case"); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992) ("Allowing civil discovery to proceed . . . may afford [the parties] an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"). Accordingly, to ensure that the civil proceedings do not unnecessarily prejudice or interfere with the fair and proper adjudication of the Criminal Matter, it is entirely just and appropriate for this Court to stay the instant civil proceedings until the Criminal Matter has been resolved.

**B.      The facts and circumstances presented in this case weigh strongly in favor of a stay.**

In *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 627 (6th Cir. 2014), the Sixth Circuit Court of Appeals explained that district courts generally consider and balance certain factors when determining whether a stay of civil proceedings is appropriate in a given case:

1.      The extent to which the issues in the criminal case overlap with those presented in the civil case;

2.      The status of the case, including whether the defendants have been indicted;

3.      The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

4.      The private interests of and burden on the defendants;

5.      The interests of the courts; and

6.      The public interest.

*Id.*at 627 (internal citations omitted).  In addition to those factors, the Sixth Circuit Court of Appeals instructs that district courts "should consider the extent to which the defendant's fifth amendment rights are implicated." *Id.*  In this case, a review of these relevant factors makes it clear that there is a need for a stay as set forth below

**1.      There is substantial overlap between this case and the Criminal Matter which requires a stay.**

The first factor weighs heavily in favor of a stay because it is clear that the factual and legal issues presented in this case and the Criminal Matter are the same.

Although it is vague and uninformative, the criminal indictment does reflect that the issues in the Criminal Matter involve Mr. Mills' activities before, during, and after the Public Meeting, and his role in CCCC operations, conditions, and staffing.  These are precisely the issues involved in this case.  The vagueness of the indictment actually supports the very need to be cautious in this instance and the need for the stay.  Mr. Mills cannot answer interrogatories or provide any testimony regarding the Public Meeting or CCCC operations, conditions, and staffing without waiving his Fifth Amendment rights. Allowing discovery to proceed in this case, even in a limited capacity, would be effectively be an impossible task as the ambiguity in the

criminal indictment will render it nearly impossible to navigate the contours of Mr. Mills' Fifth Amendment protections. Further, the fact that Plaintiff is seeking a declaration that Mr. Mills and other Defendants committed additional and different criminal acts implicates the Fifth Amendment protections of all Defendants, not just Mr. Mills.

It is also significant to note that the County Prosecutor who indicted Mr. Mills is representing a co-Defendant in this case, and the Ohio Attorney General, acting as Special Prosecutor in the Criminal Matter with the aid and assistance of two Assistant Cuyahoga County Prosecutors and an Investigator from the Cuyahoga County Prosecutor's Office, will have available written and/or deposition testimony that could potentially bolster the Special Prosecutor's case in the Criminal Matter or lead to the potential of new criminal charges being brought against Mr. Mills and other Defendants herein based on the alleged criminal acts identified by Plaintiff in his Complaint.

As several courts have observed, this first factor is generally regarded as the "most important factor" in determining whether to grant a stay. *Chao*, 498 F. Supp.2d at 1039 (citing cases that are omitted).  Indeed, the federal courts have held that "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter and is even more appropriate when both actions are brought by the government." *Chao*, 498 F. Supp.2d at 1039 (citing *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)); *see also Kammer*, 2010 WL 2474329, at *2 (granting stay based upon "the substantial overlap between the events underlying this civil action and the pending criminal charges").  Here, while the government in the form of the Special Prosecutor with two Assistant County Prosecutors and an Investigator from the Cuyahoga County Prosecutor's Office under his direction and control, is not directly a party to the civil action, there remains a strong danger that the "government may

use civil discovery to obtain evidence and information for use in its criminal prosecution, and by so doing, circumvent the Fifth Amendment rights against self-incrimination." *Chao*, 498 F. Supp.2d at 1038; *Afro-Lecon*, 820 F.2d at 1203 ("The broad scope of civil discovery may present to both the prosecution, at times the criminal defendant, an irresistible temptation to use that discovery to one's advantage in the criminal case"). That risk is certainly present here. And Mr. Mills is proactively filing this motion at this early juncture in an effort to protect his Fifth Amendment rights and his ability to defend this civil action vigorously in this Court.

Staying the case until the disposition of the Criminal Matter will allow Mr. Mills to answer the Complaint and testify at civil depositions with much lessened fear that his answers may be used against him in the Criminal Matter or future criminal matters, where the stakes are significantly higher and his liberty is directly at risk. Indeed, it would be highly unfair and prejudicial to force Mr. Mills to rush into the defense of a civil proceeding (and thereby force him to submit to civil depositions or to file written answers to the plaintiff's factual allegations, interrogatories, or requests for admissions) when he is presently the subject of an active criminal case involving the same factual matters. Thus, the first factor weighs strongly in favor of a stay.

### 2. The status of the case, including whether the defendants have been indicted supports a stay.

This factor weighs heavily in favor of a stay. Mr. Mills is under indictment in the Criminal Matter. The Sixth Circuit Court of Appeals has observed, "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct ...." *E.M.A. Nationwide,* 767 F.3d at 628. Mr. Mills' indictment involves the same conduct at issue in this case—Mr. Mills' and other persons' conduct before, during, and after the Public Meeting, and the operations, staffing, and conditions of CCCC. Accordingly, this factor weighs heavily in favor of staying this civil case.

{02912076 - 1}                                          11

**3.** **The Plaintiff's private interests in proceeding expeditiously and whether a stay would prejudice Plaintiff's private interest support a stay.**

The third factor also weighs in favor of a stay. Plaintiff's interest in proceeding expeditiously has little weight, and the prejudice to Plaintiff caused by a stay of this case while the Criminal Matter is pending is minimal and would not prejudice Plaintiff's private interest.

Six of the thirteen claims Plaintiff is pursuing require a predicate criminal conviction before civil liability can attach.  Yet Mr. Mills, Budish, Boutros, Platten, MetroHealth, and Cuyahoga County have not been indicted or convicted of any of the specific crimes identified by Plaintiff, and Mr. Mills is the only Defendant currently under indictment for any activities relating to the Public Meeting or the operations, conductions, or staffing of CCCC.  Absent a conviction for these alleged crimes, Plaintiff's Complaint fails to state a claim upon which relief can be granted for each of his theories. A stay is therefore in the Plaintiff's interests too, as he cannot prevail on these meritless claims unless Defendants are indicted and convicted of the crimes alleged in his Complaint.  If Plaintiff asserts any need for an expeditious resolution of his claims, it is significant that he has already waited approximately one year since the events alleged in his Complaint before filing this lawsuit.  Thus, this third factor also weighs in favor of a stay.

**4.** **The private interests of and burden on the defendants weighs strongly in favor of a stay.**

For the reasons previously discussed, the fourth factor also weighs strongly in favor of a stay. Mr. Mills is currently facing criminal prosecution for the same conduct that is the subject of the Plaintiffs' Complaint.  He clearly has significant Fifth Amendment reasons for seeking a stay of the civil proceedings pending the disposition of the Criminal Matter that has been commenced

{02912076 - 1}                                    12

against him and he should not be required to defend both the criminal and civil proceedings simultaneously.

It merits mentioning again that Mr. Mills, Budish, Boutros, and Platten have a similarly aligned private interest in seeing this case stayed, at the very least until the statute of limitations has passed for any prosecution of the alleged "criminal acts" which Plaintiff alleges have occurred and result in civil liability in this case.  Absent a stay, those defendants will also be forced to defend their own conduct against a Plaintiff seeking a declaration that they have committed a crime.  Accordingly, it is entirely just and appropriate for this Court to stay the instant case in its entirety.

### 5.      A stay would be in the interests of the courts in this instance.

The fifth factor weighs in favor of a stay.  The resolution of the Criminal Matter may serve to expedite the civil proceedings, avoiding the needless expense of judicial time and resources of the parties litigating the contours of Mr. Mills' Fifth Amendment protections, as well as the Fifth Amendment protections of all Defendants.

As the Northern District of Ohio has previously instructed, "[t]he conviction of a civil defendant as a result of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil case[ ] and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges." *United States Securities and Exchange Commission v. Abdallah*, 313 F.R.D. 59 (N.D. Ohio 2016) (internal citations omitted).

Further, as the court in *McCloskey v. White*, Case No. 3:09-CV-1273, 2011 WL 780793, at *1 (N.D. Ohio Mar. 1, 2011) explained, "concerns of judicial efficiency militate in favor of a stay" because the defendant "will not be able to answer much of the discovery Plaintiff will

propound upon [them] at this time," and "[t]he parties, and the Court, would have to consume time and energy in determining the precise contours of [the defendant's]  Fifth Amendment rights if discovery were to proceed at this point." *Id.* at *1.  "Additionally, discovery would have to be carefully tailored to avoid prejudicing [the defendant]" in the criminal proceeding. *Id.* Thus, *McCloskey* agreed that a stay would be in the best interests of the courts. *Id.*; *Coley*, 2011 WL 5838190, at *4 ("If a stay were not granted, the parties and the Court would have to consume time and resources to determine the precise contours of Defendants' Fifth Amendment rights").  Accordingly, this factor weighs in favor of the issuance of a stay.

### 6.      The public interest weighs in favor of a stay.

Finally, a stay would be in the public interest. The public has a strong interest in ensuring the fair and proper adjudication of the pending Criminal Matter.  This civil proceeding, on the other hand, involves the adjudication of an individual suit for money damages and a declaration that Defendants acts and conduct constitute violations of federal and state law.  The public interest in effective criminal prosecution generally outweighs any existing civil interests. *See Newman v. United States*, No. 3:90–CV–7646, 1992 WL 115191, at *1 (N.D. Ohio Jan. 10, 1992) (quoting *In re Ivan F. Boesky Sec. Litigation,* 128 F.R.D. 47, 49 (S.D.N.Y.1989)).

Additionally, allowing the Criminal Matter to proceed with a stay of this civil case furthers the public interest by setting precedent that eliminates the risk that a criminal defendant's Fifth Amendment privilege against self-incrimination might be undermined, that criminal discovery would be expanded beyond the limits of criminal discovery, and that either side might otherwise be prejudiced in advance of a criminal trial.  *See Abdallah*, 313 F.R.D. at 65 citing to *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C.Cir.1980) and *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080–81 (10th Cir. 2017) (explaining that

defendant moved to stay civil proceedings to avoid having to choose between testifying in civil case and giving up Fifth Amendment rights in criminal case).  Accordingly, the Court should conclude that a stay is also in the public interest.

## III.    CONCLUSION

All of the relevant factors favor the issuance of a stay in the instant civil case until the Criminal Matter is resolved.  There is substantial overlap between this case and the Criminal Matter; Mr. Mills is under indictment in the Criminal Matter and that case is being actively litigated; Plaintiff's private interests in proceeding expeditiously are nominal; Mr. Mills and the other Defendants have a considerable interest in staying the matter and will be substantially burdened if this case is to proceed; the interests of the courts favor a stay; and the public interest favors the effective adjudication of Criminal Matters over the disposition of civil matters while protecting constitutional rights. Accordingly, Mr. Mills respectfully requests that this Court issue an order staying this case until the Criminal Matter is resolved.

Respectfully submitted,

/s/ R. Todd Hunt
R. Todd Hunt (Reg. No. 0008951)
   Email: rthunt@walterhav.com
   Direct Dial: 216-928-2935
Benjamin G. Chojnacki (Reg. No. 0087401)
   Email: bchojnacki@walterhav.com
   Direct Dial: 216-619-7850

WALTER | HAVERFIELD LLP
1301 East Ninth Street, Suite 3500
Cleveland, Ohio 44114

Attorneys for Defendant Ken Mills

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Motion to Stay Civil Proceedings Pending Disposition of a Criminal Case was served electronically this 17th day of July, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Benjamin G. Chojnacki
Benjamin G. Chojnacki
Attorney for Defendant Ken Mills