## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **GARY BRACK,** | : | **Case No. 1:19-cv-01436-DCN** |
| | : | |
| **Plaintiff,** | : | **Judge Donald C. Nugent** |
| | : | |
| **v.** | : | |
| | : | ***Answer of Defendants The MetroHealth*** |
| **ARMOND BUDISH, et al.,** | : | ***System, Akram Boutros, MD, and Jane Platten*** |
| | : | ***to Plaintiff's Complaint with Jury Demand*** |
| **Defendants.** | : | ***(Jury Demand Included)*** |
| | : | |

Defendants The MetroHealth System ("MetroHealth"),[1] Akram Boutros, MD ("Boutros"), and Jane Platten ("Platten") (collectively "Defendants") answer Plaintiff Gary Brack's Complaint with Jury Demand ("Complaint") (Doc #1-1) as follows:

### NATURE OF THE ACTION

1.      Regarding the nature of this action and Plaintiff's allegations, Defendants state that the Complaint speaks for itself.  Defendants admit Plaintiff was a nursing supervisor. Defendants deny the remaining averments in Paragraph 1 of Plaintiff's Complaint.

2.      Defendants deny for want of knowledge the culture of Defendant Cuyahoga County (the "County").  Defendants deny the remaining averments in Paragraph 2 of Plaintiff's Complaint.

3.      Defendants deny for want of knowledge the averments in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants deny for want of knowledge the averments in Paragraph 4 of Plaintiff's Complaint.

---

[1] By filing this Answer, MetroHealth does not intend to prejudice or otherwise impact its earlier filed Motion for More Definite Statement (Doc #17).

5.      Defendants deny for want of knowledge the averments in Paragraph 5 of Plaintiff's Complaint.

6.      Defendants deny for want of knowledge the averments in Paragraph 6 of Plaintiff's Complaint.

7.      Defendants admit the U.S. Marshals issued a report on the Cuyahoga County Correctional Facility in November 2018 and said report speaks for itself.  Defendants deny for want of knowledge the remaining averments in Paragraph 7 of Plaintiff's Complaint.

8.      Defendants deny the averments in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants admit Brack was present at the May 22, 2018 Cuyahoga County Council ("Council") meeting.  Defendants deny that MetroHealth ordered Plaintiff not to speak without permission or not to criticize the County.  MetroHealth denies for want of knowledge the remaining averments in Paragraph 9 of Plaintiff's Complaint.

10.     The statements made at the May 22, 2018 Council meeting are memorialized and speak for themselves.  To the extent a further response is required, Defendants deny Plaintiff's summaries and characterizations of the statements made at the May 22, 2018 Council meeting and deny the remaining averments in Paragraph 10 of Plaintiff's Complaint.

11.     The averments in footnote 1 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a further response is required, Defendants deny the averments in footnote 1 of Plaintiff's Complaint.  Defendants deny that Brack spoke at the May 22, 2018 Council meeting in his personal capacity or as a citizen.  Defendants deny for want of knowledge the remaining averments in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit Brack, as part of his job duties, has an obligation to report problems that interfered with patient care.  Defendants further admit Brack did not complain

about Defendant Ken Mills's ("Mills") alleged homophobic abuse.  Defendants also admit that while speaking to Council Plaintiff did criticize Mills' actions.  Defendants deny the remaining averments in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny for want of knowledge the averments in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny for want of knowledge whether Budish and Leiken drove to MetroHealth.  Defendants admit the remaining averments in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the averments in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants admit Boutros emailed Budish and that Boutros' email speaks for itself.  Defendants deny that MetroHealth's contract to provide certain health care services to the jail or Cuyahoga County Corrections Center ("Corrections Center") is profitable and deny the remaining averments in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants state that the *Benison v. Ross* decision cited in footnote 2 of Plaintiff's Complaint speaks for itself.  To the extent the averments in footnote 2 of Plaintiff's Complaint call for a legal conclusion, they do not require a response. To the extent a further response is required, Defendants deny the averments in footnote 2 of Plaintiff's Complaint.  Defendants deny for want of knowledge the remaining averments in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the averments in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants state that the *Andrew v. Clark* decision cited in footnote 3 of Plaintiff's Complaint speaks for itself.  To the extent the averments in footnote 3 of Plaintiff's Complaint call for a legal conclusion, they do not require a response. To the extent a further response is required, Defendants deny the averments in footnote 3 of Plaintiff's Complaint.

Defendants deny for want of knowledge why Brack brings this lawsuit. Defendants deny the remaining averments in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny for want of knowledge why Brack brings this lawsuit. Defendants deny the remaining averments in Paragraph 20 of Plaintiff's Complaint.

## PARTIES

21.     Defendants admit Plaintiff was MetroHealth's interim Director of Ambulatory Care at the Corrections Center for a period of time prior to his removal from the Corrections Center, deny for want of knowledge where Plaintiff resides, and deny the remaining averments in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants admit the County operates the Corrections Center. The remaining averments in Paragraph 22 of Plaintiff's Complaint call for a legal conclusion, which do not require a response. To the extent a response is required, Defendants deny the remaining averments in Paragraph 22 of Plaintiff's Complaint.

23.     Defendants admit Budish is the County Executive and has been since approximately January 1, 2015 and deny for want of knowledge the remaining averments in the first sentence of Paragraph 23 of Plaintiff's Complaint. Regarding whether Plaintiff sued Budish in his individual and official capacities, the Complaint speaks for itself.

24.     Defendants admit the U.S. Marshals issued a report on the Corrections Center. Regarding whether Plaintiff sued Mills in his individual and official capacities, the Complaint speaks for itself. Defendants deny for want of knowledge the remaining averments in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants admit that *Wright v. MetroHealth Med. Ctr.* decision cited in footnote 4 of Plaintiff's Complaint speaks for itself. The remaining averments in Paragraph 25 of

Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a response is required, Defendants admit that MetroHealth is a county hospital established and operated pursuant to Chapter 339 of the Ohio Revised Code and deny the remaining averments in Paragraph 25 of Plaintiff's Complaint.

26.     Defendants admit Boutros was and is the Chief Executive Officer of MetroHealth and is responsible for various employment actions, including hiring, suspension, reassignment, discipline, and termination.  Regarding whether Plaintiff sued Boutros in his individual and official capacities, the Complaint speaks for itself.  The remaining averments in Paragraph 26 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a response is required, Defendants deny the remaining averments in Paragraph 26 of Plaintiff's Complaint.

27.     Defendants admit Platten was and is MetroHealth's Chief of Staff.  Regarding whether Plaintiff sued Platten in her individual and official capacities, the Complaint speaks for itself.  The remaining averments in Paragraph 27 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a response is required, Defendants deny the remaining averments in Paragraph 27 of Plaintiff's Complaint

## JURISDICTION AND VENUE

28.     The averments in Paragraph 28 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a response is required, Defendants admit this Court has proper jurisdiction and deny the remaining averments in Paragraph 28 of Plaintiff's Complaint.

29.     The averments in Paragraph 29 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a response is required, Defendants

admit this Court has proper jurisdiction over them and the County, deny for want of knowledge whether this Court has proper jurisdiction over Budish and Mills, and deny the remaining averments in Paragraph 29 of Plaintiff's Complaint.

30.     The averments in Paragraph 30 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a further response is required, Defendants admit that venue in this Court is proper and deny the remaining averments in Paragraph 30 of Plaintiff's Complaint.

## FACTUAL BACKGROUND[2]

31.     Defendants deny for want of knowledge the averments in Paragraph 31 of Plaintiff's Complaint.

32.     Defendants admit MetroHealth hired Brack in 2015 as a Nursing Supervisor to assist the County in coordinating the County's nursing operations at the Corrections Center and deny the remaining averments in Paragraph 32 of Plaintiff's Complaint.

33.     Defendants admit that MetroHealth named Brack MetroHealth's interim director of ambulatory care for the Corrections Center for a period of time and deny for want of knowledge the remaining averments in Paragraph 33 of Plaintiff's Complaint.

34.     Defendants admit Brack's responsibilities included those, among others, listed in Paragraph 34 of Plaintiff's Complaint.  Defendants deny the remaining averments in Paragraph 34 of Plaintiff's Complaint.

35.     Defendants deny the averments in Paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny that Brack was never disciplined by MetroHealth.  Defendants deny for want of knowledge the remaining averments in Paragraph 36 of Plaintiff's Complaint.

---

[2] To the extent a response is even required, Defendants deny the unnumbered headings included in the Factual Narrative section of Plaintiff's Complaint.

37.     Defendants deny for want of knowledge the averments in Paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny for want of knowledge the averments in Paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny for want of knowledge what the Council wanted and deny the remaining averments in Paragraph 39 of Plaintiff's Complaint.

40.     Defendants admit Brack shared an office with and worked alongside Marcus Harris.  Defendants deny for want of knowledge the remaining averments in Paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny for want of knowledge the averments in Paragraph 41 of Plaintiff's Complaint.

42.     Defendants deny for want of knowledge the averments in Paragraph 42 of Plaintiff's Complaint.

43.     Defendants state that the County's Agency of Inspector General Report of Investigation attached as Exhibit 1 to Plaintiff's Complaint speaks for itself.  Defendants deny for want of knowledge the remaining averments in Paragraph 43 of Plaintiff's Complaint, including the remaining averments in footnote 5 of Plaintiff's Complaint.

44.     Defendants deny the averments in Paragraph 44 of Plaintiff's Complaint.

45.     Defendants deny for want of knowledge the averments in Paragraph 45 of Plaintiff's Complaint.

46.     Defendants deny for want of knowledge the averments in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny for want of knowledge the averments in Paragraph 47 of Plaintiff's Complaint.

48.     Defendants deny for want of knowledge the averments in Paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny for want of knowledge the averments in Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny for want of knowledge the averments in Paragraph 50 of Plaintiff's Complaint.

51.     Defendants admit MetroHealth attended to an inmate that needed medical attention related to injuries suffered to his face.  Defendants deny for want of knowledge the remaining averments in Paragraph 51 of Plaintiff's Complaint.

52.     Defendants admit that Dr. Tallman expressed concerns about the inmate that needed medical attention related to injuries suffered to his face.  Defendants deny for want of knowledge the remaining averments in Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny for want of knowledge the averments in Paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny for want of knowledge the averments in Paragraph 54 of Plaintiff's Complaint.

55.     Defendants admit Brack expressed opinions regarding circumstances at the Corrections Center and that Council requested MetroHealth's presence at a meeting at which nurse staffing at the Corrections Center, among other topics, was to be discussed.  Defendants deny for want of knowledge the remaining averments in Paragraph 55 of Plaintiff's Complaint.

56.     Defendants admit that Dr. Tallman was requested to attend the Council meeting and that he could not attend due to travel.  Defendants deny that Dr. Tallman had been asked to prepare testimony or that Dr. Tallman and Plaintiff sent Platten an outline of planned remarks. Defendants deny for want of knowledge the remaining averments in Paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the averments in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny that Platten "forbade [Plaintiff] from saying anything that would damage MetroHealth's relationship with the County".  Defendants admit the remaining averments in Paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the averments in Paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny for want of knowledge the averments in Paragraph 60 of Plaintiff's Complaint.

61.     The statements made at the May 22, 2018 Council meeting are memorialized and speak for themselves.  To the extent a further response is required, Defendants deny Plaintiff's summaries and characterizations of the statements made at the May 22, 2018 Council meeting and deny the remaining averments in Paragraph 61 of Plaintiff's Complaint.

62.     The statements made at the May 22, 2018 Council meeting are memorialized and speak for themselves.  To the extent a further response is required, Defendants deny Plaintiff's summaries and characterizations of the statements made at the May 22, 2018 Council meeting and deny the remaining averments in Paragraph 62 of Plaintiff's Complaint.

63.     The statements made at the May 22, 2018 Council meeting are memorialized and speak for themselves.  To the extent a further response is required, Defendants deny Plaintiff's

summaries and characterizations of the statements made at the May 22, 2018 Council meeting and deny the remaining averments in Paragraph 63 of Plaintiff's Complaint.

64.    The statements made at the May 22, 2018 Council meeting are memorialized and speak for themselves.  To the extent a further response is required, Defendants deny Plaintiff's summaries and characterizations of the statements made at the May 22, 2018 Council meeting and deny the remaining averments in Paragraph 64 of Plaintiff's Complaint.

65.    The statements made at the May 22, 2018 Council meeting are memorialized and speak for themselves.  To the extent a further response is required, Defendants deny Plaintiff's summaries and characterizations of the statements made at the May 22, 2018 Council meeting and deny the remaining averments in Paragraph 65 of Plaintiff's Complaint.

66.    The statements made at the May 22, 2018 Council meeting are memorialized and speak for themselves.  To the extent a further response is required, Defendants deny Plaintiff's summaries and characterizations of the statements made at the May 22, 2018 Council meeting and deny the remaining averments in Paragraph 66 of Plaintiff's Complaint.

67.    The statements made at the May 22, 2018 Council meeting are memorialized and speak for themselves.  To the extent a further response is required, Defendants deny Plaintiff's summaries and characterizations of the statements made at the May 22, 2018 Council meeting and deny the remaining averments in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants admit Budish and then County Chief of Staff Earl Leiken met with Boutros and Platten on May 23, 2018.  Defendants deny for want of knowledge whether Budish and Earl Leiken drove to MetroHealth.  Defendants deny the remaining averments in Paragraph 68 of Plaintiff's Complaint.

69.    Defendants state that Exhibit 2 to Plaintiff's Complaint speaks for itself and deny Plaintiff's summaries and characterizations of Exhibit 2.   Defendants deny that they were motivated to retaliate against Brack and deny for want of knowledge the motivations of the County, Budish, and Mills.   Defendants deny the remaining averments in Paragraph 69 of Plaintiff's Complaint.

70.    Defendants admit MetroHealth placed Brack on administrative leave and deny the remaining averments in Paragraph 70 of Plaintiff's Complaint, including the averments in footnote 7 of Plaintiff's Complaint.

71.    Defendants state that the June 4, 2018 memorandum speaks for itself and deny Plaintiff's summaries and characterizations of the June 4, 2018 memorandum.  Defendants deny the remaining averments in Paragraph 71 of Plaintiff's Complaint.

72.    Defendants state that the June 4, 2018 memorandum speaks for itself and deny Plaintiff's summaries and characterizations of the June 4, 2018 memorandum.  Defendants admit that Brack met with MetroHealth lawyer Emily Fiftal and one other senior administrator at MetroHealth and deny the remaining averments in Paragraph 72 of Plaintiff's Complaint.

73.    Defendants state that the June 4, 2018 memorandum speaks for itself and deny Plaintiff's summaries and characterizations of the June 4, 2018 memorandum.  Defendants deny the remaining averments in Paragraph 73 of Plaintiff's Complaint.

74.    Defendants state that the June 4, 2018 memorandum and the cases cited in footnote 10 of Plaintiff's Complaint speak for themselves.   Defendants deny Plaintiff's summaries and characterizations of the June 4, 2018 memorandum.  The averments in footnote 10 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the

extent a further response is required, Defendants deny the averments in footnote 10 of Plaintiff's Complaint. Defendants deny the remaining averments in Paragraph 74 of Plaintiff's Complaint.

75.     Defendants state that the June 4, 2018 memorandum and the cases cited in footnote 11 and footnote 12 of Plaintiff's Complaint speak for themselves. Defendants deny Plaintiff's summaries and characterizations of the June 4, 2018 memorandum. Defendants further state that the averments in footnote 11 of Plaintiff's Complaint and some averments of Paragraph 75 of Plaintiff's Complaint call for a legal conclusion, which do not require a response. Defendants deny for want of knowledge in what Council was interested. Defendants deny the remaining averments in Paragraph 75 of Plaintiff's Complaint, including those in footnote 11 of Plaintiff's Complaint.

76.     Defendants state that the June 4, 2018 memorandum speaks for itself and details some of the concerns MetroHealth had with Brack's actions. Defendants deny Plaintiff's summaries and characterizations of the June 4, 2018 memorandum. Defendants deny for want of knowledge the County's motivation and what the County problem was, if any. Defendants deny the remaining averments in Paragraph 76 of Plaintiff's Complaint.

77.     Defendants deny for want of knowledge the averments in Paragraph 77 of Plaintiff's Complaint.

78.     Defendants state that whether commitments are public record calls for a legal conclusion, which requires no response. To the extent a response is required, Defendants deny the averments in Paragraph 78 of Plaintiff's Complaint.

79.     Defendants deny the averments in Paragraph 79 of Plaintiff's Complaint.

80.     Defendants deny for want of knowledge the averments in Paragraph 80 of Plaintiff's Complaint.

81.     Defendants deny for want of knowledge the averments in Paragraph 81 of Plaintiff's Complaint.

82.     Defendants deny for want of knowledge the averments in Paragraph 82 of Plaintiff's Complaint.

83.     Defendants deny for want of knowledge the averments in Paragraph 83 of Plaintiff's Complaint.

84.     Defendants admit Plaintiff's counsel sent a letter to MetroHealth dated June 29, 2018.  That letter speaks for itself.  Defendants deny the remaining averments in Paragraph 84 of Plaintiff's Complaint.

85.     Defendants admit, on July 10, 2018, MetroHealth's deputy general counsel Laura McBride responded to the June 29, 2018 letter.  The July 10, 2018 letter speaks for itself. Defendants deny the remaining averments in Paragraph 85 of Plaintiff's Complaint.

86.     Defendants admit that MetroHealth sent Brack a letter dated August 29, 2018 and deny the remaining averments in Paragraph 86 of Plaintiff's Complaint.

## CLAIM 1
### Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983
### (against all Defendants)

1.     Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

2.     Defendants deny the averments in the second Paragraph 2 of Plaintiff's Complaint.

3.     Defendants admit Brack was removed from his role in the jail and deny the remaining averments in the second Paragraph 3 of Plaintiff's Complaint.

4.      Defendants deny the averments in the second Paragraph 4 of Plaintiff's Complaint.

5.      Defendants deny the averments in the second Paragraph 5 of Plaintiff's Complaint.

6.      Defendants deny the averments in the second Paragraph 6 of Plaintiff's Complaint.

## CLAIM 2
### First Amendment Retaliation under 42 U.S.C. § 1983
### (against all Defendants)

87.      Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

88.      Whether Brack was a public employee calls for a legal conclusion, which requires no response.  To the extent a further response is required, Defendants admit Brack was a public employee.  Defendants deny the remaining averments in Paragraph 88 of Plaintiff's Complaint.

89.      Defendants deny the averments in Paragraph 89 of Plaintiff's Complaint.

90.      Defendants deny the averments in Paragraph 90 of Plaintiff's Complaint.

91.      Defendants deny the averments in Paragraph 91 of Plaintiff's Complaint.

92.      Defendants deny the averments in Paragraph 92 of Plaintiff's Complaint.

93.      Defendants state that the *Larry v. Powerski* decision cited in footnote 13 of Plaintiff's Complaint speaks for itself.  Defendants deny the remaining averments in Paragraph 93 of Plaintiff's Complaint.

94.      Defendants deny for want of knowledge the averments in Paragraph 94 of Plaintiff's Complaint.

95.      Defendants deny the averments in Paragraph 95 of Plaintiff's Complaint.

96.     Defendants deny the averments in Paragraph 374 of Plaintiff's Complaint.

## CLAIM 3
**Local-Government Liability for First Amendment Retaliation under 42 U.S.C. § 1983
(against the County and MetroHealth)**

97.     Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

98.     Whether Boutros and Platten were sufficiently empowered public officials such that their acts constitute the customs, policies and practices of MetroHealth calls for a legal conclusion, which requires no response.  To the extent a further response is required, Defendants deny the averments in Paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the averments in Paragraph 99 of Plaintiff's Complaint.

## CLAIM 4
**Unlawful First Amendment Prior Restraint under 42 U.S.C. § 1983
(against MetroHealth, Boutros, and Platten)**

100.    Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

101.    Defendants deny the averments in Paragraph 101 of Plaintiff's Complaint.

102.    Defendants deny the averments in Paragraph 102 of Plaintiff's Complaint.

103.    Defendants deny the averments in Paragraph 103 of Plaintiff's Complaint.

## CLAIM 5
**Local-Government Liability for Prior Restraint under 42 U.S.C. § 1983
(against MetroHealth)**

104.    Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

105.    Whether Boutros and Platten were sufficiently empowered public officials such that their acts constitute the customs, policies and practices of MetroHealth calls for a legal

conclusion, which requires no response.  Defendants deny the remaining averments in Paragraph 105 of Plaintiff's Complaint.

106.    Defendants deny the averments in Paragraph 106 of Plaintiff's Complaint.

107.    Defendants deny the averments in Paragraph 107 of Plaintiff's Complaint.

**CLAIM 6**
**Civil Liability for Criminal Acts under Ohio Law – Interfering with Civil Rights under R.C. 2307.60 and 2921.45**
**(against all individual Defendants)**

108.    Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

109.    The averments in Paragraph 109 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a further response is required, Defendants state that R.C. 2921.45 speaks for itself and otherwise deny the averments in Paragraph 109 of Plaintiff's Complaint.

110.    The averments in Paragraph 110 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a further response is required, Defendants state that R.C. 2307.60 speaks for itself and otherwise deny the averments in Paragraph 110 of Plaintiff's Complaint.

111.    Defendants admit the individual Defendants Boutros and Platten are public servants in their official capacities only.  Defendants deny for want of knowledge the status of the other individual Defendants.  Defendants deny the remaining averments in Paragraph 111 of Plaintiff's Complaint.

112.    Defendants deny the averments in Paragraph 112 of Plaintiff's Complaint.

113.    Defendants deny the averments in Paragraph 113 of Plaintiff's Complaint.

## CLAIM 7
### Civil Liability for Criminal Acts under Ohio Law – Complicity under R.C. 2307.60 and 2923.03 to Interfere with Civil and Statutory Rights under R.C. 2921.45
### (against all individual Defendants)

114.    Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

115.    The averments in Paragraph 115 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a further response is required, Defendants state that R.C. 2923.03 speaks for itself and otherwise deny the averments in Paragraph 115 of Plaintiff's Complaint.

116.    Defendants deny the averments in Paragraph 116 of Plaintiff's Complaint, as "This provision" is vague and undefined.

117.    The averments in Paragraph 117 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a further response is required, Defendants state that R.C. 2307.60 speaks for itself and otherwise deny the averments in Paragraph 117 of Plaintiff's Complaint.

118.    Defendants deny the averments in Paragraph 118 of Plaintiff's Complaint

119.    Defendants deny the averments in Paragraph 119 of Plaintiff's Complaint.

120.    Defendants deny the averments in Paragraph 120 of Plaintiff's Complaint.

## CLAIM 8
### Civil Liability for Criminal Acts under Ohio Law – Obstructing Official Business under R.C. 2921.31 and 2307.60
### (against Defendants Budish, Mills, and Boutros)

121.    Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

122. The averments in Paragraph 122 of Plaintiff's Complaint call for a legal conclusion, which do not require a response. To the extent a further response is required, Defendants state that R.C. 2921.31 speaks for itself and otherwise deny the averments in Paragraph 122 of Plaintiff's Complaint.

123. The averments in Paragraph 123 of Plaintiff's Complaint call for a legal conclusion, which do not require a response. To the extent a further response is required, Defendants state that R.C. 2307.60 speaks for itself and otherwise deny the averments in Paragraph 123 of Plaintiff's Complaint.

124. Defendants admit that Budish requested the removal of Brack, and deny for want of knowledge the remaining averments in Paragraph 124 of Plaintiff's Complaint.

125. Defendants deny the averments in Paragraph 125 of Plaintiff's Complaint.

126. Defendants deny the averments in Paragraph 126 of Plaintiff's Complaint.

## CLAIM 9
### Civil Liability for Criminal Acts under Ohio Law – Complicity under R.C. 2307.60 and 2923.03 to Obstruct Official Business under R.C. 2921.31
### (against all individual Defendants)

127. Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

128. The averments in Paragraph 128 of Plaintiff's Complaint call for a legal conclusion, which do not require a response. To the extent a further response is required, Defendants state that R.C. 2923.03 speaks for itself and otherwise deny the averments in Paragraph 128 of Plaintiff's Complaint.

129. Defendants deny the averments in Paragraph 129 of Plaintiff's Complaint, as "This provision" is vague and undefined.

130.     The averments in Paragraph 130 of Plaintiff's Complaint call for a legal conclusion, which do not require a response. To the extent a further response is required, Defendants state that R.C. 2307.60 speaks for itself and otherwise deny the averments in Paragraph 130 of Plaintiff's Complaint.

131.     Defendants deny the averments in Paragraph 131 of Plaintiff's Complaint.

132.     Defendants deny the averments in Paragraph 132 of Plaintiff's Complaint.

133.     Defendants deny the averments in Paragraph 133 of Plaintiff's Complaint.

**CLAIM 10**
**(Alternative Claim)**
**Civil Liability for Criminal Acts under Ohio Law – Retaliation because Public Servant Discharged His Duties under R.C. 2307.60 and 2921.05**
**(against all Defendants)**

134.     Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

135.     The averments in Paragraph 135 of Plaintiff's Complaint call for a legal conclusion, which do not require a response. To the extent a further response is required, Defendants state that R.C. 2921.05 speaks for itself and otherwise deny the averments in Paragraph 135 of Plaintiff's Complaint.

136.     The averments in Paragraph 136 of Plaintiff's Complaint call for a legal conclusion, which do not require a response. To the extent a further response is required, Defendants state that R.C. 2307.60 speaks for itself and otherwise deny the averments in Paragraph 136 of Plaintiff's Complaint.

137.     Defendants state that Plaintiff's averments, in part, reference a hypothetical, which requires no response. Defendants deny the remaining averments in Paragraph 137 of Plaintiff's Complaint.

138.    Defendants deny the averments in Paragraph 138 of Plaintiff's Complaint.

139.    Defendants deny the averments in Paragraph 139 of Plaintiff's Complaint.

140.    Defendants deny the averments in Paragraph 140 of Plaintiff's Complaint.

### CLAIM 11
**(Alternative Claim)**
**Civil Liability for Criminal Acts under Ohio Law – Complicity under R.C. 2307.60 and 2921.05 to Retaliation because Public Servant Discharged His Duties**
**(against all Defendants)**

141.    Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

142.    The averments in Paragraph 142 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a further response is required, Defendants state that R.C. 2923.03 speaks for itself and otherwise deny the averments in Paragraph 142 of Plaintiff's Complaint.

143.    Defendants deny the averments in Paragraph 143 of Plaintiff's Complaint, as the phrase, "This provision" is vague and undefined.

144.    The averments in Paragraph 144 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a further response is required, Defendants state that R.C. 2307.60 speaks for itself and otherwise deny the averments in Paragraph 144 of Plaintiff's Complaint

145.    Defendants state that Plaintiff's averments, in part, reference a hypothetical, which requires no response.  Defendants deny the remaining averments in Paragraph 145 of Plaintiff's Complaint.

146.    Defendants deny the averments in Paragraph 146 of Plaintiff's Complaint.

147.    Defendants deny the averments in Paragraph 147 of Plaintiff's Complaint.

148.     Defendants deny the averments in Paragraph 148 of Plaintiff's Complaint.

**CLAIM 12**
**(Alternative Claim)**
**Wrongful Discharge in Violation of Public Policy**
**(against MetroHealth)**

149.     Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

150.     The averments in Paragraph 150 of Plaintiff's Complaint call for a legal conclusion, which do not require a response.  To the extent a further response is required, Defendants deny the averments in Paragraph 150 of Plaintiff's Complaint.

151.     Defendants deny the averments in Paragraph 151 of Plaintiff's Complaint.

152.     Defendants deny the averments in Paragraph 152 of Plaintiff's Complaint.

153.     Defendants deny the averments in Paragraph 153 of Plaintiff's Complaint.

154.     Defendants deny the averments in Paragraph 154 of Plaintiff's Complaint.

**CLAIM 13**
**(Alternative Claim)**
**Civil Conspiracy to Wrongfully Terminate Nurse Brack**
**(against Defendants Budish, Mills, and the County)**

155.     Defendants incorporate by reference their above responses to all previous allegations, as if fully rewritten.

156.     Defendants deny the averments in Paragraph 156 of Plaintiff's Complaint.

157.     Defendants deny the averments in Paragraph 157 of Plaintiff's Complaint.

158.     Defendants deny the averments in Paragraph 158 of Plaintiff's Complaint.

159.     Defendants deny the averments in Paragraph 159 of Plaintiff's Complaint.

160.    Defendants deny each and every other averment contained in Plaintiff's Complaint not specifically admitted herein, and deny that Plaintiff is entitled to any of the relief prayed for in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendants deny the relief sought by Plaintiff and assert the following affirmative defenses:

1.    Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief can be granted or for which the damages sought can be awarded.

2.    Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations or contractual limitations.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or consent.

4.    Plaintiff is not entitled to all or part of the relief sought.

5.    Plaintiff's claims, in whole or in part, are barred by the Doctrine of After-Acquired Evidence.

6.    Plaintiff's claims are barred because he does not have clean hands.

7.    Plaintiff's claims are barred because Defendants have, at all relevant times herein, acted in good faith and have not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

8.    Plaintiff's claims are barred, in whole or in part, because all decisions made with respect to his employment were made for legitimate and non-retaliatory reasons.

9.    To the extent Plaintiff seeks equitable relief, his request is barred because he has adequate remedies at law.

10.     Plaintiff is not entitled to punitive damages or attorneys' fees and costs, and Plaintiff's prayers for such relief should be denied.

11.     Plaintiff's claims for punitive damages are barred or must be reduced on account of Ohio Rev. Code § 2315.21.

12.     Plaintiff's claims for damages are barred or must be reduced on account of Ohio Rev. Code §§ 2315.18, 2315.20, 2315.21, and Chapter 2744.

13.     Plaintiff's claims, in whole or in part, are barred by a qualified privilege and/or Defendants actions are protected by a qualified privilege.

14.     Plaintiff's claims are barred because Plaintiff has failed to mitigate his damages and other relief claimed, or, in the alternative, the damages and other relief claimed are limited to the extent Plaintiff has failed to mitigate the same.

15.     Plaintiff's claims, in whole or in part, are barred by his failure to exhaust all administrative remedies.

16.     MetroHealth, including its employees, representatives, agents, supervisors, and directors, are entitled to all available common law and statutory immunities. Boutros and Platten are entitled to all available common law and statutory immunities.

17.     MetroHealth, its employees, representatives, agents, supervisors, and directors, including, but not limited to, Boutros and Platten, are immune from liability on all or part of Plaintiff's claims under Ohio Revised Code Chapter 2744.

18.     MetroHealth, its employees, representatives, agents, supervisors, and directors, including, but not limited to, Boutros and Platten, are entitled to qualified immunity on all or part of Plaintiff's claims.

19.     One or more Defendants are not proper Defendants to this action.

20.     Plaintiff fails to state with adequate specificity the public policies on which he bases his Claim 12.

21.     Defendants did not engage in any criminal behavior.  Defendants have not been convicted or charged with any criminal behavior relative to Plaintiff.

22.     Defendants are entitled to all available common law and statutory immunities.

23.     To the extent Plaintiff is entitled to damages, a third party (not MetroHealth, Boutros, or Platten) is responsible for all or part of Plaintiff's damages.

24.     Defendants reserve the right to raise additional defenses as the case proceeds.

Having fully answered, Defendants request that the Court enter judgment in their favor on all causes of action in Plaintiff's Complaint, dismiss the Complaint in its entirety, and award Defendants their reasonable costs, expenses, attorneys' fees, and other such relief that the Court deems fair.

Respectfully submitted,

*s/ David R. Vance*
**Jon M. Dileno (#0040836)**
  jmd@zrlaw.com
**David R. Vance (#0083842)**
  drv@zrlaw.com
**Zashin & Rich Co., L.P.A.**
950 Main Avenue, 4th Floor
Cleveland, OH  44113
T:  216/696-4441
F:  216/696-1618

*Attorneys for Defendants The MetroHealth System, Akram Boutros, MD, and Jane Platten*

## JURY DEMAND ENDORSEMENT

MetroHealth, Boutros, and Platten request a trial by the maximum number of jurors permitted.

s/ David R. Vance

**Jon M. Dileno (#0040836)**
  jmd@zrlaw.com
**David R. Vance (#0083842)**
  drv@zrlaw.com
**Zashin & Rich Co., L.P.A.**

*Attorneys for Defendants The MetroHealth System,*
*Akram Boutros, MD, and Jane Platten*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed via the Court's electronic filing system on July 29, 2019 and will be served on all parties via that system.

s/ David R. Vance

**Jon M. Dileno (#0040836)**
  jmd@zrlaw.com
**David R. Vance (#0083842)**
  drv@zrlaw.com
**Zashin & Rich Co., L.P.A.**
950 Main Avenue, 4th Floor
Cleveland, OH  44113
T:  216/696-4441
F:  216/696-1618

*Attorneys for Defendants The MetroHealth System,*
*Akram Boutros, MD, and Jane Platten*
