UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GARY BRACK, R.N.** <br><br> *Plaintiff*, <br><br> vs. <br><br> **ARMOND BUDISH, ET AL.,** <br><br> *Defendants*. | Case No. 1:19-cv-01436-DCN <br><br> Judge Donald C. Nugent |
| **PLAINTIFF'S RESPONSE TO DEFENDANT METROHEALTH'S MOTION FOR MORE DEFINITE STATEMENT** ||

Plaintiff Gary Brack, R.N.'s complaint alleges nine claims and four alternative claims arising from his unlawful termination for speaking at a Cuyahoga County Council committee meeting about facts underlying the horrifying conditions at the Cuyahoga County Corrections Center.

Nurse Brack's primary claims are for conspiracy to violate his federal civil rights under 42 U.S.C. § 1983 (Claim 1); First Amendment retaliation under 42 U.S.C. § 1983 (Claim 2); *Monell* liability for First Amendment retaliation under 42 U.S.C. § 1983 (Claim 3); unlawful prior restraint under 42 U.S.C. § 1983 (Claim 4); *Monell* liability for prior restraint under 42 U.S.C. § 1983 (Claim 5); civil liability for criminal acts of interfering with civil rights under Ohio Rev. Code §§ 2307.60 and 2921.45 (Claim 6); civil liability for criminal acts of complicity in interfering with civil rights Ohio Rev. Code §§ 2307.60 and 2921.45 (Claim 7); civil liability for criminal acts of obstructing official business Ohio Rev. Code §§ 2307.60 and 2921.31 (Claim 8); and civil liability for criminal acts of complicity in obstructing official business Ohio Rev. Code §§ 2307.60 and 2921.31 (Claim 9).

Nurse Brack's four alternative claims are for civil liability for criminal acts of retaliation against a public servant for discharging his duties Ohio Rev. Code §§ 2307.60 and 2921.05 (Claim 10); civil liability for criminal acts of complicity in retaliation against a public servant for discharging

his duties Ohio Rev. Code §§ 2307.60 and 2921.05 (Claim 11); wrongful discharge in violation of public policy (Claim 12); and civil conspiracy to wrongfully termination Nurse Brack (Claim 13).

In Claim 12, Nurse Brack identifies a number of public policies that would be jeopardized if his termination were permitted to stand without consequence including the following:

- "protecting those in government custody from foreseeable harm,"[1]
- "permitting County Council to gather facts and receive information regarding its areas of legislative and oversight responsibility,"[2] and
- "providing adequate medical care to inmates."[3]

In its motion, Defendant MetroHealth seeks a more definite statement on this alternative claim regarding the specific public policies it violated in participating in the conspiracy to retaliate against Nurse Brack for voicing his concerns about jail conditions. Under Civ. R. 12(e) a party may move for a more definite statement if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." As detailed above, Nurse Brack provided detail about this alternative claim in his complaint. MetroHealth can defend itself on the facts alleged.

The Supreme Court of Ohio's decision in *Dohme v. Eurand America, Inc.*, does not compel a different result at this stage of the case. *Dohme* addressed the specificity with which a plaintiff must articulate the applicable public policy at the summary-judgment stage. *Dohme* did not transform wrongful-discharge claims into claims that must be pleaded with particularity. At this stage, Nurse Brack has met his burden under Fed R. Civ. P. 8(a)(2) to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] Complaint at ¶ 150.
[2] *Id.*
[3] *Id.*

Further, to the extent that Nurse Brack is proceeding on his alternative claim, it will be because he has not succeeded on his primary claims. The public policies underlying the First Amendment and Ohio's criminal statutes listed throughout his complaint therefore supply additional public policies that could be jeopardized if Nurse Brack's termination is permitted to stand. Nurse Brack expects to succeed on his primary claims, thus rendering his alternative claims moot. But to the extent he must proceed on his alternative claims, the statutory and constitutional law he invokes throughout his complaint would also be jeopardized by his discharge. After discovery, he will be better positioned to provide *Dohme*-level specificity at the summary-judgment stage.

In any event, Nurse Brack anticipates seeking leave to supplement his complaint with additional acts of retaliation he has experienced since filing suit. When he does, he will amend the paragraphs of Claim 12 to further explain why it was wrong to remove him from his job because he spoke out about jail conditions (which, after his removal, resulted in nine deaths in the facility). This forthcoming amendment will not prejudice any party's ability to defend itself as the case has been stayed for 90 days while Defendant Kenneth Mills's criminal case proceeds (and potentially other individual defendants in this case face criminal prosecution).

        Respectfully submitted,

*/s/ Ashlie Case Sletvold*
Ashlie Case Sletvold (0079477)
Subodh Chandra (0069233)
Brian Bardwell (0098423)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
216.578.1700 Phone
216.578.1800 Fax
Ashlie.Sletvold@ChandraLaw.com
Subodh.Chandra@ChandraLaw.com
Brian.Bardwell@ChandraLaw.com

*Attorneys for Plaintiff Gary Brack, R.N.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed using the court's ECF system, which will send notification to all counsel of record.

>    */s/ Ashlie Case Sletvold*
>    *One of the attorneys for Plaintiff*