UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY BRACK, | ) | Case No. 1:19-CV-01436 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | William H. Baughman, Jr. |
| ARMOND BUDISH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ORDER

Plaintiff Gary Brack initiated this lawsuit against Defendants in State court on June 21, 2019. (ECF No. 1-1.) After Defendants removed the case to federal court (ECF No. 1), Plaintiff filed an amended complaint on February 26, 2020 (ECF No. 30). He alleges Defendants conspired to violate his civil rights and retaliated against him after he criticized governance of the Cuyahoga County jail at a 2018 meeting of the Cuyahoga County Council Public Safety & Justice Affairs Committee. After reaching a settlement with some of the Defendants, Plaintiff now moves under Rule 41(a)(2) for dismissal of the action with prejudice against all Defendants, with each party to bear its own costs and fees. For the reasons that follow, the Court **DISMISSES** the matter against all Defendants **WITH PREJUDICE** on the terms set forth in this Order.

After a defendant has filed an answer, as here, or a motion for summary judgment, a plaintiff may obtain a voluntary dismissal "only by court order, on terms

that the court considers proper." Fed. R. Civ. P. 41(a)(2). This type of dismissal generally is without prejudice. *Id.* Requiring court approval "protect[s] the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted). Whether to grant dismissal "is within the sound discretion of the district court." *Id.* (citing *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). In exercising this discretion, courts consider whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citation and quotation omitted). To determine whether a defendant will suffer plain legal prejudice, a court consider factors such as: (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed by the defendant." *Id.* (citation omitted).

"These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss." *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 407 (6th Cir. 2017) (citing *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007)). Moreover, the factors and prospect of legal prejudice need not be considered where the plaintiff is moving for dismissal with prejudice. *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1062 (W.D. Ky. 2020).

This case presents one wrinkle. Defendants MetroHealth System, Dr. Akram Boutros, and Jane Platten have moved for sanctions. (ECF No. 78.) They seek costs and fees, among other relief. But nothing about a dismissal, even with prejudice, divests the Court of jurisdiction to resolve the motion or impose sanctions pursuant to its inherent authority or 28 U.S.C. § 1927. *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006); *see also Ratliff v. Stewart*, 508 F.3d 225, 229–34 (5th Cir. 2007).

Additionally, although the sanctions motion is directed at the conduct of Plaintiff's counsel, these Defendants represent that they might file a bill of costs under Rule 54(d) depending on the position Plaintiff and his counsel ultimately take in responding to the motion for sanctions. "Ordinarily, the entry of judgment may not be delayed . . . in order to tax costs or award fees." Fed. R. Civ. P. 58(e). Therefore, this potential concern should not prevent entry of a dismissal with prejudice at this time. However, Rule 41(a)(2) allows dismissal of an action "on terms the court considers proper." So as not to foreclose the possibility of a bill of costs under Rule 54(d), the Court **ORDERS**, pursuant to Rule 6(b)(1)(A) and Rule 41(a)(2), that the time for taxing costs shall run from the conclusion of the proceedings the motion for sanctions initiated.

In the interest of finality for the other Defendants who have not joined the motion for sanctions, dismissal with prejudice is appropriate at this time. Because Plaintiff seeks dismissal with prejudice, the MetroHealth Defendants "face no prospect of a second lawsuit" and, with the modification to the timing provided for in

the rules set forth in the preceding paragraph, no risk of actual legal prejudice. *Crenshaw*, 433 F. Supp. 3d at 1061. Therefore, the Court **GRANTS** Plaintiff's motion (ECF No. 75) and **DISMISSES** the case **WITH PREJUDICE** pursuant to Rule 41(a)(2) with all Defendants to bear their own costs and fees, subject to possible post-judgment adjudication of costs, fees, or other sanctions. The Clerk shall enter judgment accordingly.

    **SO ORDERED**.

Dated: November 8, 2021

                                              J. Philip Calabrese
                                              United States District Judge
                                              Northern District of Ohio