IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Gary Brack, R.N., | Case No. 1:19-cv-01436 |
| Plaintiff, | Judge J. Philip Calabrese |
| – vs – | |
| Armond Budish, *et al.*, | Unopposed Motion to Extend by Thirty (30) Days the Date by Which the Chandra Law Firm and Subodh Chandra May File a Response in Opposition to the Motion for Sanctions (ECF No. 78) Filed Against Them |
| Defendants. | |

Counsel for the Plaintiff Gary Brack—the Chandra Law Firm LLC and Subodh Chandra ("the Respondents")—by and through undersigned counsel, respectfully move for an Order extending the period within which to file a Response in Opposition to the Motion for Sanctions (ECF No. 78) now pending against them by thirty (30) days, through and until 5 January 2022.

Under the Minute Order entered on 3 November 2021, any Response is currently due on or before Monday, 6 December 2021. The bases for this Motion are as follows.

**First**, the Motion itself is complex. It seeks sanctions against the Respondents, who are alleged to have needlessly multiplied the proceedings in the captioned matter: (a) in violation of 28 U.S.C § 1927 by bringing, and maintaining claims against the MetroHealth System; Akram Boutros, M.D.; and Jane Platten ("the Movants"); and (b) pursuant to the Court's inherent power to sanction meritless claims and those brought for an improper purpose. (Supporting Memorandum, ECF No. 78, at 6–7, Page ID 848–49.) It asserts that the Respondents advanced unmeritorious claims at four points throughout the case: (1) in June 2018 before suit was filed; (2) when suit was filed in June 2019; (3) in February 2020, when an Amended Complaint was filed; and (4) through June 2021, as discovery was made. (*Id.*, at 13–20, Page ID 855–62.)

The Motion, in short, requires an analysis of the claims against the Movants, and whether those claims were objectively reasonable, from the first contacts between Plaintiff and Respondents through October 2021. The analysis is not static. Whether the Motion is well taken will turn on what counsel knew at each stage of the case, and the reasonableness of maintaining the subject claims as the case evolved. A proper Response will require a careful review of the entire record as well as interviews with Plaintiff and Respondents.

**Second**, the facts surrounding the Motion are contested and evolving. Ashlie Case Sletvold began representing Plaintiff as the administrative partner of the Chandra Law Firm, asked to and continued to represent him after leaving the firm, and moved for leave to withdraw from representation (ECF No. 82) on November 16, 2021. Her motion remains pending and a new attorney has entered a separate appearance to represent Plaintiff's interests in connection with that motion. (*See* ECF No. 85, Appearance of Caryn M. Groedel.) This week, the Movants filed a Notice (ECF No. 86) withdrawing their Motion for Sanctions against Ms. Sletvold only, and submitted a Declaration (ECF No. 86–1) in which Ms. Sletvold provided a one-sided version of her involvement during the case, imputing solely to Mr. Chandra knowledge and decisions that we (and likely Plaintiff) will demonstrate are at odds with the way events actually unfolded.

In collaborating with the Movants and their counsel, Ms. Sletvold appears to have divulged client-confidential, joint-privileged, and joint-work-product alleged discussions, has ignored direct inquiries from her client for information about the substance of what she has revealed, and, in so doing, has drawn recent additional written threats by Movants directly against her former client. These actions raise serious and troubling ethical questions, all of which require research and consideration, before filing a Response. It is possible that her declaration will also require her being deposed before a complete Response to the pending Motion can be prepared.

**Third**, in crafting their response, Respondents must carefully consider their ethical obligations to Plaintiff—including the duty to preserve client confidences—and engage with undersigned counsel and Plaintiff's newly retained separate counsel to do so. This will require multiple layers of communication and review, as all involved regard their ethical obligations as both serious and nuanced. Respondents' primary and ongoing obligation is to protect Nurse Brack.

The Order (ECF No. 87) regarding the submission of redacted materials and material under seal affords the Respondents the opportunity to protect client confidences to a degree, and the Respondents are grateful for the opportunity to make their initial redactions at the time of filing.

Respondents are also grateful for the Court's finding that the disclosure of some materials functions under an exception to, and not as a waiver of privilege, and that the selective disclosure of privileged materials does not waive privilege outright.

But because the Court is (over respectful objection) requiring disclosure to MetroHealth Defendants rather than permitting *ex parte*, *in camera* review, and selective disclosures risk triggering a demand for the discovery of additional privileged matter, the Respondents are obliged to choose their exhibits with great circumspection, in close consultation with the client, and after careful consideration of the potential effect on other privileged materials. This is careful work. It cannot be done quickly and done well—and it must be done well.

**Fourth**, undersigned counsel have only newly appeared to represent the Respondents in connection with the pending Motion. The retention of outside counsel versed in First Amendment litigation (Mr. Vasvari) and attorney ethics (Ms. Zimmerman) is necessary and proper, but the terms of retention, including the availability of insurance coverage, are not yet finalized. Moreover, new counsel have numerous obligations in the next few weeks, including:

- **6 December 2021**: a principal brief in the matter of *Blue Water Importers, Inc. v. Thomas Stickrath, et al.*, Sixth Circuit Case No. 21–3798, a Commerce Clause case involving the registration requirements imposed by the State of Ohio on imported Canadian vehicles;

- **6 December 2021**: mediation before Magistrate Judge Greenberg in the matter of *Reid, et al. v. Moore*, U.S. District Court Case No. 1:21–cv-00991 (N.D. Ohio), a defamation case being heard in diversity involving over 60 defamatory videos posted to YouTube;

- **7 December 2021**: Response in Opposition to a Motion for Summary Judgment in *the Adversarial Case of Sarah E. Alkuda*, Cuyahoga County Common Pleas Probate Division Case ADV-19-242693, a factually involved contest to the administration of several substantial trusts;

- **8 December 2021**: appearing as a witness in a fee-dispute matter pending before the Cleveland Metropolitan Bar Association;

- **17 December 2021**: oral argument on cross motions for summary judgment before this Court in the matter of *Doe v. City of Mansfield, et al.*, Case No. 1:19–cv-02901;

- **21 December 2021 or sooner**: completion of depositions in the *Alkuda* matter, above, and;

- **3 January 2021 or sooner**: dispositive motions in the *Reid* matter.

Some of these deadlines may change. Depending on the progress of circuit mediation in the *Blue Water Importers* matter, principal briefing may be delayed by a week or more (or avoided, if the case settles). Counsel will move to extend briefing in the *Alkuda* matter based upon the failure of defendants in that case to make complete discovery on a pivotal issue. But overall, the deadlines will not change much, and the workload presented here will likely remain due before the end of the first week in January, even if extensions are granted.

Client schedules are just as onerous. Mr. Chandra has the funeral for a close family friend to attend this weekend, is assisting his triplets with their college and financial-aid applications, and has been called to serve Cuyahoga County jury duty beginning the week of 13 December 2021 (his service having previously been deferred from the original schedule).

- 5 -

Mr. Chandra also has two Sixth Circuit oral arguments scheduled for 9 December 2021 in the *Mazzola v. Togliatti* matter (Case Nos. 20-4103 and 20-4105), which was litigated in this Court. He has numerous end-of-discovery obligations in the *Buddenberg v. Weisdack* matter (Case No. 1:18-cv-522) also pending before this Court, among other obligations.

He and his partner also have a major and complex Sixth Circuit reply brief in the *Novak v. City of Parma* matter (Case No. 21-3920) (again, arising in this Court) due on 20 December 2021, the submission date of which has already been extended. These are just a few of the matters pressing at year's end.

In addition, Mr. Chandra must complete his Continuing Legal Education requirements by the end of the year. This, and the scheduling disruptions that always arise from the upcoming holiday season, combine to make the press of business in the weeks ahead especially tight.

For all these reasons, and to afford new counsel the time to engage with their clients to prepare a Response to the pending Motion consistent with their obligations to the Court and their clients, the Respondents respectfully move for an Order extending the date by which a Response in Opposition is due by thirty (30) days, through and until 5 January 2022, or of such other duration as the Court may see fit to allow, in the sound exercise of its discretion.

On December 1, 2021, undersigned counsel conferred telephoniocally with Patrick Kasson, one of the attorneys for the Movants (defined below) and was authorized to represent that they will not oppose this Motion.

*— signature block on the following page –*

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
  vasvari@vasvarilaw.com
**K. Ann Zimmerman** (0059486)
  zimmerman@vasvarilaw.com
**VASVARI | ZIMMERMAN**
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122-5353
Telephone: 216.458.5880
Telecopier: 216.302.3700

Attorneys for the Chandra Law
Firm LLC and Subodh Chandra

## – Certificate of Service –

The foregoing was filed today, Friday, December 3, 2021, via the Court Electronic Filing System. Service will be made upon counsel of record by, and copies of this filing may be obtained through operation of the CM / ECF System.

Respectfully submitted

/s/ Raymond V. Vasvari, Jr.

**Raymond V. Vasvari, Jr.** (0055538)
 vasvari@vasvarilaw.com
**VASVARI | ZIMMERMAN**

One of the Attorneys for the
Chandra Law Firm and Subodh Chandra